IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff-Respondent* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-95-142-14 |
| | } | CIVIL ACTION NO. H-03-5460 |
| LUIS MORENO, | } | |
| *Defendant-Petitioner* | } | |

**MEMORANDUM AND ORDER**

I. Introduction

Before the Court are the Magistrate Judge's Memorandum Report and Recommendation (Doc. 5594) and Petitioner's Objections (Doc. 5599). For the following reasons, the court ORDERS that Petitioner's objections are GRANTED-in-part and OVERRULED-in-part. Petitioner's § 2255 petition is DISMISSED.

II. Factual Background

In 1996, Petitioner Luis Moreno ("Moreno") and seventy-eight co-defendants were charged under a one hundred and ninety-six count sixth superceding indictment. Moreno pled guilty, pursuant to a plea agreement, to counts one and five, conspiracy to possess with intent to distribute marijuana[1] and conspiracy to launder money[2].

On April 27, 2001, the court sentenced Moreno to life in prison for his role in the conspiracy. Doing so, the court summed up its view that "Mr. Moreno was one of the leaders of a major drug trafficking organization that operated successfully in South Texas for over ten years and was

---

[1] Violation of Title 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846.

[2] Violation of Title 18 U.S.C. §§1956(g) and (h).

responsible for the distribution of tens of thousands of kilograms of marijuana. I believe that the guideline sentence of life is justified in this case." Transcript of Sentencing Hearing (Doc. 4585, pp. 2, 9-17, 20).

Moreno appealed his sentence to the Fifth Circuit. Affirming, the Court rejected Moreno's claims that his sentencing was void because the court never orally adjudicated him guilty and that his life sentence was improper under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *United States v. Moreno*, 01-20681 (5th Cir. July 25, 2002) (Docs. 4968, 4969).

Moreno filed his § 2255 petition to vacate, set aside or correct sentence (Doc. 5228) on November 28, 2003, four days before the expiration of the one-year statute of limitations. Moreno's petition raises two issues: (1) whether he received ineffective assistance of counsel when his lawyer recommended a guilty plea that resulted in a life sentence and waived Moreno's right to appeal; and (2) whether the district court, by failing to pronounce him guilty at his re-arraignment, violated his right to due process. *Id.* at 4-5.

Moreno filed a multitude of documents after the one-year limitations period expired. Specifically, on February 23, 2004, Moreno filed his memorandum in support of his § 2255 petition (Doc. 5260); on March 2nd, his First Amendment to his § 2255 petition (Doc. 5271); on March 8th, his Supplement to his First Amendment to his § 2255 petition (Doc. 5276); on April 7th, his motion for leave to file a Second Supplement to his § 2255 petition; and finally, on September 14th, his Notice of Judicial Cognizance (Doc. 5411).

The Magistrate Judge issued her Memorandum Report and Recommendation on January 20, 2006 (Doc. 5594). The Magistrate Judge recommended (1) "that Movant's Motion for Leave to file Second Supplement to First Amendment to Memorandum in Support of § 2255 Motion to Vacate,

Set Aside, or Correct Sentence (Doc. 5307) be GRANTED," (2) "that the Government's Answer and Motion for Summary Judgment (Doc. 5288) be GRANTED," (3) "that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 5288) and Notice of Judicial Cognizance (Doc. 5411) both be DENIED," and (4) "that this § 2255 proceeding be DISMISSED." Memo.& Rec. at 38. On February 4, 2006, Moreno filed his objections (Doc. 5599)

III. Law

Title 28 United States Code Section 636(b)(1)(B) provides that "a judge may designate a magistrate [magistrate judge] to conduct hearings . . . and to submit . . . proposed findings of fact and recommendation for disposition . . . of any [dispositive] motion." Section 636(b)(1)(C) provides that, on the filing of Objections, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting the review, the judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]." *Id.*

IV. Application of Law to the Facts

Moreno objects to four of the Magistrate Judge's findings and recommendations. His first objection is to the Magistrate Judge's recommendation that his Notice of Judicial Cognizance be denied as a motion for leave to amend. Obj. at 2-4. His second objection is to the Magistrate Judge's decision not to consider claims raised for the first time after the expiration of the limitations period. Obj. at 4. His third objection is to the Magistrate Judge's conclusion that his due process rights were not violated when the court did not orally adjudicate him guilty. Obj. at 5. Finally, Moreno's fourth objection is to the Magistrate Judge's conclusion that his ineffective assistance of counsel claim should be dismissed. The court will review each objection in turn.

Moreno goes to some trouble to explain that his Notice of Judicial Cognizance does not constitute a new claim for relief, but is "a simple Notice seeking only to inform and enlighten the Court as to new authority which was decided after Movant's § 2255 Motion was filed and may have bearing on the final outcome of his § 2255 proceedings, and by doing so, to preserve the issue for further review . . ." Moreno's Notice is slightly longer than two pages. It informs the court that the United States Supreme Court has granted certiorari on two cases that will resolve whether *Blakely v. Washington*, 542 U.S. 296 (2004), applies to the United States Sentencing Guidelines and that the Notice is meant to preserve the issue for further review. *Id.* at 2.

Moreno's initial § 2255 petition makes no mention of *Apprendi* or *Blakely* error; a fact that led the Magistrate Judge, reasonably, to conclude that Moreno was attempting to raise the issue for the first time in his Notice. Had that been the case, the Magistrate Judge would have correctly found Moreno's 11th hour amendment improper. *See* Memo. & Rec. at 26 (citing *United States v. Thomas*, 221 F.3d 430, 433-34 (3th Cir. 2000)). Moreno now claims that he was not attempting to raise this issue. The court wonders why he filed the notice in the first place? Nevertheless, based on Moreno's representation that he was not trying to raise the issue of *Apprendi* or *Blakely* error, the court will not adopt that part of the Magistrate Judge's report that recommends that Moreno's Notice be denied. Instead, the court will treat the Notice as an advisory to the court, seeking no affirmative relief.

Moreno's second objection is to the Magistrate Judge's finding that his claims relating to his motion to withdraw his guilty plea are time barred. Obj. at 4. This objection is conclusively resolved by the pleadings. Moreno's § 2255 petition raised two issues: (1) whether he received ineffective assistance of counsel when his lawyer recommended a guilty plea which resulted in a life sentence

and waiver of his right to appeal; and (2) whether the district court failed to pronounce him guilty and therefore violated his right to due process at re-arraignment. *Id.* at 4-5. Moreno's claim that he received ineffective assistance of counsel when he tried to withdraw his guilty plea does not clarify, amplify, or expand on these claims. It is therefore time barred. *See* Mayle v. Felix, 545 U.S. 644, 650 (2005) (holding that an amended habeas petition does not relate back when it asserts a new ground for relief).

Moreno's third and fourth objections relate to the Magistrate Judge's disposition of his substantive claims. Moreno does not raise any new arguments in his objections, preferring to restate the arguments he made before the Magistrate Judge. Having reviewed the Magistrate's Memorandum and Recommendation, the court is satisfied that it adequately addresses all of Moreno's substantive claims. Accordingly, the court adopts that part of the Magistrate Judge's Memorandum and Recommendation as its own.

V. Conclusion

After carefully considering the record and the applicable law, the court concludes that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** as time-barred and the Government's motion to dismiss should be **GRANTED**.

**SIGNED** at Houston, Texas, this 8th day of February, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE